IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ARNETT C BRYANT,

       Plaintiff,

v.                                   CASE NO. 1:08-cv-00223-MP-AK

MICHAEL J ASTRUE,

       Defendant.

_____/

## O R D E R

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for supplemental security income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence and the decision of the Commissioner is affirmed.

## A.    PROCEDURAL HISTORY

Plaintiff filed an application for SSI on February 14, 2001, alleging a disability onset date of September 28, 2004[1], because of back pain, gout, dyslexia, foot pain, and inability to read and understand words. Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on November 17, 2006, and entered an unfavorable decision on

---

[1] Plaintiff originally alleged disability beginning December 31, 1996. However, the onset date was amended at the November 2006 hearing, to September 28, 2004.

December 19, 2006. The Appeals Council denied Plaintiff's request for review, thus making the

decision of the ALJ the final decision of the Commissioner. This action followed.

**B.** **FINDINGS OF THE ALJ**

The ALJ found that according to Plaintiff's earnings record he has not performed

substantial gainful activity since 1981, and had severe impairments of peripheral neuropathy,

gouty arthritis and chronic alcoholism. (R. 18). The ALJ further found that Plaintiff's self-

described daily activities were extensive, that his medically determinable impairments could be

expected to produce a degree of pain, but not of the severity and limitations he describes. He

complains that his primary problem is gout, which is relieved by Aleve, an over-the-counter type

of ibuprofen. The ALJ denied counsel's request for an IQ test because the record contained

several test results, one reflecting a score of 78, which was reflected in Plaintiff's demeanor at

the hearing where he followed the proceedings closely without any distractions or apparent

problems. A consultative examination by Dr. Chodosh found him capable of normal physical

activity, his primary problem was gout, which would improve with medical treatment and

cessation of alcohol. The record was inconsistent about his continued alcohol use or the use of

illicit drugs, but it was Dr. Chodosh's opinion that he had probable chronic alcoholism. Using

the Medical-Vocational Guidelines, the ALJ found that Plaintiff had the capacity for a full range

of medium work and was therefore not disabled.

**C.** **ISSUES PRESENTED**

Plaintiff argues that his low IQ in combination with his neuropathy and gouty arthritis

meet the requirements of Listing 12.05(C). Additionally, Plaintiff contends that the ALJ cannot

substitute his opinion for that of the medical and vocational experts, which he did when he

rejected IQ testing which showed a level of 70 and would not order a consultative examination to get a more current IQ.

The government responds that the same school records that Plaintiff argues supports an IQ of 70 also show later tests resulting in scores of 78 and 82. Although Plaintiff contends that this controversy in the record requires a consultative examination, the ALJ pointed to other evidence that supported his overall finding that Plaintiff could perform unskilled, medium work such as his self-described daily activities, his own testimony that he could lift 75 pounds, and his demeanor at the hearing..

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

**D.** **STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court. The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam). It is more than a scintilla, but less than a preponderance. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The court may not reweigh the evidence or substitute its judgment for that of the

Commissioner.  <u>Wolfe v. Chater</u>, 86 F.3d 1072, 1076 (11th Cir. 1996).  It must determine only if

substantial evidence supports the findings of the Commissioner.  <u>See</u> <u>Bridges v. Bowen</u>, 815

F.2d 622, 624 (11th Cir. 1987) (per curiam).  Even if substantial evidence exists which is

contrary to the Commissioner's findings, where there is substantially supportive evidence of the

Commissioner's findings, the court cannot overturn them.  <u>Barron v. Sullivan</u>, 924 F.2d 227, 230

(11th Cir. 1991).  Unlike the deferential review accorded to the Commissioner's findings of fact,

his conclusions of law are not presumed valid. <u>Martin v. Sullivan</u>, 894 F.2d 1520, 1529 (11th

Cir. 1990) (citations omitted).  The Commissioner's failure to apply correct legal standards or to

provide the reviewing court with an adequate basis for it to determine whether proper legal

principles have been observed requires reversal.  <u>Id.</u> (citations omitted).

 A disability is defined as an "inability to engage in any substantial gainful activity by

reason of any medically determinable physical or mental impairment which can be expected to

result in death or which has lasted or can be expected to last for a continuous period of not less

than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  To qualify as a disability the physical or

mental impairment must be so severe that claimant is not only unable to do his previous work,

"but cannot, considering his age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1.    Is the individual currently engaged in substantial gainful activity?

2.    Does the individual have any severe impairment?

3.    Does the individual have any severe impairments that meet or equal those listed
       in Appendix 1 of 20 C.F.R. Part 404?

4.     Does the individual have any impairments which prevent past relevant work?

5.     Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary. Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work.  If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform.  Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986).  If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner.  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).  It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

## E.     SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY

Plaintiff's primary complaints are back and foot pain.  There are no medical treatment records concerning his back condition, but he was diagnosed with peripheral neuropathy in 2001, probably due to his alcoholism, (R. 193-205) and gout, (R. 214-224), which may also be due to his heavy alcohol intake.  Although Plaintiff told several treating sources that he had been unable to work for 20 years because of a back injury, there are no treatment records of this injury, and he is currently receiving no treatment nor is he taking any medication for it.  (R. 159, 193-197). His earnings record reflects no substantial lifetime earnings.  (R. 92-93).

Two consultative examinations were performed (R. 159-160; 255-266) and neither

physician found any disabling impairment.

**F.      SUMMARY OF THE ADMINISTRATIVE HEARING**

Plaintiff lives with his common law wife of 20 years who works.  He claims to have completed the Eleventh grade and to have worked in construction until six years ago "mostly carrying things," which he claims to have done most of his life.  (R. 308).  He cooks, cleans and washes clothes.  (R. 308).  His back was hurt playing basketball and his legs bother him with swelling (gout), which is mostly treated with Aleve, which he states works "fine."  (R. 309, 315).  He can pick up about 75 pounds and has no trouble sitting.  (R. 310, 317).  He can stand about 30 minutes to one hour before the bottom of his feet get tired and he has "shoe pain," which is "not bad, but its not good either."  (R. 317-318).  His drinking is limited to barbecues now because everybody has "been on his neck" about the drinking.  (R. 310).  His primary complaints are his gout and that he cannot read.  (R. 312).  He was in "some regular and some special" classes at school.  (R. 312).  Plaintiff's attorney requested an IQ evaluation because the test results in the record are not broken down into verbal, performance and full scale, and he believes the lowest score would meet the regulations.  (R. 327).  The ALJ took the request under advisement.  (R. 328).

**G.      DISCUSSION**

a)      Listing 12.05(C)

The requirements of Listing 12.05(C) are met when there is a valid verbal, performance or full scale IQ of 60 through 70 and a physical or other mental limitation imposing an additional, significant work-related limitation of function.  The school records reflecting his IQ scores show 70, 78 and 82, failing grades, and teacher comments suggesting that he was

performing below grade level and needed assistance and special classes. (R. 273-275). As the Commissioner argues, an ALJ is not required to make a finding of mental retardation based on IQ scores alone, the test results must be consistent with other evidence of record including his behavior and activities. See Popp v. Heckler, 779 2d 1497, 1499-1500 (11th Cir. 1986). The ALJ noted the IQ scores and acknowledged the inconsistency in the school records, but also relied on Plaintiff's stated daily activities, his reported work history (which is not reflected in his earnings record) where he described the use of machines, tools, equipment, technical skills and knowledge, (R. 136, 144-145), and Plaintiff's level of functioning at the hearing to find that he did not meet the listing level requirements for low IQ.

Further, even if Plaintiff met the required IQ levels, the medical evidence must also establish a physical or other significant work related limitation, which it does not. He reported foot pain which he treated with over-the-counter medication with good results. His back pain was of uncertain etiology for which he received no treatment. No treating sources and neither of the consultative examiners found him to be disabled or to have functional limitations.

Thus, there is no merit to Plaintiff's argument that he meets Listing 12.05(C).

b)      Consultative examination

An ALJ is not required to order medical evidence to have a complete record unless the record establishes that it is necessary to enable the ALJ to render his decision. Holladay v. Bowen, 848 F.2d 1206 (11th Cir. 1988)(concerning the ordering of a consultative examination). As the ALJ explained, the record and his own interaction with the Plaintiff at the hearing did not support the need for further IQ testing.

Accordingly, it is

**ORDERED AND ADJUDGED:**

That the decision of the Commissioner is AFFIRMED.

**DONE AND ORDERED** this _ *23rd* day of March, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge